

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7513
Washington, DC 20530

DT:LOvervold:MBaldi

Maxwell A. Baldi (202) 532-0211
maxwell.baldi@usdoj.gov

August 29, 2024

VIA CM/ECF
Maureen W. Gornik, Acting Clerk of Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

Re:  *United States v. Iowa*, No. 24-2265

Dear Ms. Gornik:

    Pursuant to Federal Rule of Appellate Procedure 28(j), I write to notify the Court of a recent published decision of this Court in *United States v. Missouri*, No. 23-1457, --- F.4th ----, 2024 WL 3932470 (8th Cir. Aug. 26, 2024). A copy of the slip opinion is attached to this letter.

    In *Missouri*, the United States sued the State of Missouri and its governor and attorney general, alleging that a Missouri law violated the Supremacy Clause. Slip op. 2. The State argued that "the United States cannot sue to enforce the Supremacy Clause because it lacks a cause of action." *Id.* at 8.

    This Court squarely rejected that argument, holding that the United States may sue in equity to enjoin preempted state laws. *See* Slip op. 8. This Court recognized "an equitable tradition of suits to enjoin unconstitutional actions by state actors." *Id.* (citing *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326-27 (2015)). It noted that "[b]ased on that equitable tradition, the United States has sued in other cases to enjoin a state law's implementation and enforcement or for other appropriate relief." *Id.* (citing *United States v. Washington*, 596 U.S. 832, 837 (2022); *United States v. Minnesota*, 270 U.S. 181, 194 (1926); *Sanitary Dist. v. United States*, 266 U.S. 405, 425-26 (1925)). And it held that the United States could proceed under that same tradition to enjoin enforcement of Missouri's enactment. *Id.*

In this case, the United States proceeds under the same equitable right of action as it did in *Missouri*. Therefore, the holding in *Missouri* defeats Iowa's argument (Br. 36–39) that the United States lacks a right of action.

                                            Respectfully submitted,

                                            /s/ *Maxwell A. Baldi*
                                            Maxwell A. Baldi

cc:    All counsel of record (by CM/ECF)