BRENNA BIRD
ATTORNEY GENERAL

ERIC H. WESSAN
SOLICITOR GENERAL



1305 E. WALNUT ST.
DES MOINES, IA 50319
515-281-5164
www.iowaattorneygeneral.gov

IOWA DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL

December 2, 2024

Maureen W. Gornik  *Via ECF*
Acting Clerk of the Court
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

Re: Appellants' Notice of Supplemental Authority, No. 24-2265

Appellants raise to this Court's attention the decision in *Texas v. U.S. Department of Homeland Security*, Case No. 23-50869 (5th Cir. Nov. 27, 2024). *Texas* addressed whether the federal preemption precluded Texas from placing concertina wire across the United States-Mexico border. *Id.* at *30–31. Texas sued the United States for cutting the wire it erected to protect the border.

The Fifth Circuit, enjoining the United States from cutting the wire despite protestations that it was the federal government's policy to do so, held that "preemption would not help defendants." *Id.* at *31. The United States claimed in its brief that there is an "intractable conflict between federal law and Texas' assertion of property rights." *Id.* But the Fifth Circuit "fail[ed] to see any conflict." *Id.* Given no conflict, the preemption argument failed.

Texas placing physical barriers on the border over protestations of the federal government is likelier grounds for an actual conflict of State and federal law than Iowa's statute complementing federal law by creating a state crime analogue to a long-existing federal crime. Nothing in Iowa law precludes or prevents the United States from enforcing its own illegal reentry statute. And criminals violating both laws can be prosecuted by either, both, or neither sovereign. Without a conflict between State and federal law, obstacle preemption is inappropriate—much less field preemption.

This Court should promptly vacate the injunction against enforcing Iowa's illegal reentry law so that the State may prosecute violators and assist the United States in doing the same.

Respectfully submitted,

/s/ *Eric Wessan*
ERIC WESSAN
Solicitor General

cc : All counsel of record (via CM/ECF)

**Certificate of Service**

I, Eric Wessan, hereby certify that on December 2, 2024, I electronically filed the above Notice of Supplemental Authority Pursuant to Federal Rule of Appellate Procedure 28(j) with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system. Pursuant to Rule 28(j), this brief contains 251 words. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ *Eric Wessan*
ERIC WESSAN
Solicitor General