

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

December 4, 2024

**By ECF**

Maureen W. Gornik
Acting Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street
St. Louis, MO 63102

      Re:    *United States v. State of Iowa*, No. 24-2265

Dear Ms. Gornik:

      Pursuant to FRAP 28(j), we respond to appellant's December 2, 2024, letter advising the Court of the Fifth Circuit's decision in *Texas v. U.S. Department of Homeland Sec.*, No. 23-50869, 2024 WL 4903376 (5th Cir. Nov. 27, 2024).

      In the cited decision, the Fifth Circuit held that the State of Texas was entitled to a preliminary injunction preventing federal government defendants from "damaging, destroying, or otherwise interfering with Texas's [concertina ]wire fence" in certain specified areas "where Defendants have the necessary access to both sides of Texas's c-wire for immigration law enforcement and emergency purposes." *Texas*, 2024 WL 4903376, at *2. In doing so, it addressed in passing whether Texas's state common law claims were preempted by 8 U.S.C. § 1357(a)(3), which grants U.S. Border Patrol agents "access to private lands" within 25 miles of the border "for the purpose of patrolling the border to prevent the illegal entry of [noncitizens] into the United States." *Id.* The court held that the federal government had forfeited a preemption argument. *Texas*, 2024 WL 4903376, at *15. It further stated that it saw no conflict between the federal provision and Texas's claims, where the court concluded based on the facts of the case that the challenged federal actions were not undertaken for the purposes set out in that provision. *Id.* at *14-*15.

Nothing in the Fifth Circuit's brief discussion of the preemptive effect of 8 U.S.C. § 1357(a)(3) in light of the court's case-specific factual conclusions has any bearing on this case. As the United States demonstrated in its brief and at argument, *see* Appellee Br. 13-34, Iowa's efforts to interfere with the federal government's exclusive control over the entry and removal of noncitizens are preempted under controlling precedent. The Fifth Circuit recognized as much in concluding that a Texas law that is materially identical to SF 2340 is preempted. *See United States v. Texas*, 97 F.4th 268 (5th Cir. 2024) (denying stay pending appeal). That conclusion is unaffected by the court's November 27 decision.

    Sincerely,

    DANIEL TENNY

    *s/ Leif Overvold*
    LEIF OVERVOLD
    MAXWELL A. BALDI
      *Attorneys, Appellate Staff*
      *Civil Division, Room 7226*
      *U.S. Department of Justice*
      *950 Pennsylvania Avenue NW*
      *Washington, DC 20530*
      *(202) 532-4631*
      *leif.overvold2@usdoj.gov*

cc:    All counsel (via CM/ECF)