# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2265
_____

United States of America

*Plaintiff - Appellee*

v.

State of Iowa; Kimberly Reynolds, in her official capacity as Governor of Iowa; Brenna Bird, in her official capacity as Attorney General of Iowa; Iowa Department of Public Safety; Stephan Kenneth Bayens, in his official capacity as Commissioner of Iowa Department of Public Safety

*Defendants - Appellants*

------------------------------

Immigration Reform Law Institute

*Amicus on Behalf of Appellant(s)*

American Immigration Lawyers Association; ASISTA Immigration Assistance; Asian Pacific Institute on Gender-Based Violence; Esperanza United; Tahirih Justice Center

*Amici on Behalf of Appellee(s)*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Appellate Case: 24-2265     Page: 1     Date Filed: 04/15/2025 Entry ID: 5506703

Submitted: September 26, 2024
Filed: April 15, 2025
_____

Before BENTON, ARNOLD, and KOBES, Circuit Judges.
_____

# **ORDER**

The State of Iowa criminalized the presence within its boundaries of aliens who illegally reentered the United States. Aliens violating Iowa's Act are ordered to return to the country they reentered from. The Act forbids judges from abating a state prosecution due to a pending (or possible) federal determination of the alien's immigration status.

The United States sued to enjoin the enforcement of the Act. The district court granted the United States' motion for a preliminary injunction. The State of Iowa appealed. This court affirmed the district court's order granting the United States' motion for a preliminary injunction.

The mandate for this court's decision has not yet issued. The United States has filed a motion in the district court to unilaterally dismiss the case. Fed. R. Civ. P. 41(a)(1)(A)(i). Iowa petitions for rehearing and requests that this court vacate the prior panel decision and dismiss the appeal as moot. Iowa also requests that this court vacate the district court's order granting the United States a preliminary injunction and remand with instructions to dismiss the case.

A plaintiff may, without a court order, voluntarily dismiss an action in district court "before the opposing party serves either an answer or a motion for summary judgment." *Id.* Iowa never filed an answer, nor a motion for summary judgment. The United States may voluntarily dismiss its action in the district court. The effect of a voluntary dismissal without prejudice under Rule 41(a) "is to render the proceedings a nullity and leave the parties as if the action had never been brought."

*Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996). Voluntary dismissal without prejudice "carries down with it previous proceedings and orders in the action." *In re Piper Aircraft Distribution System Antitrust Litigation*, 551 F.2d 213, 219 (8th Cir. 1977). This case thus will be dismissed in the district court, and the district court's order granting the United States' motion for a preliminary injunction will be vacated.

An appeal is moot when the requested judicial decree will no longer affect the rights of the parties. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Regardless of the outcome of Iowa's appeal, this case will be dismissed in the district court and the preliminary injunction for the United States will be vacated. Therefore, this court cannot render judicial relief that would affect the rights of either the United States or Iowa. The appeal is moot. *Cf. Hendrickson v. Secretary of Health and Human Services*, 774 F.2d 1355 (Mem) (8th Cir. 1985).

This court vacates the prior panel judgment and opinion. *Id.*, applying *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950). Also, through "unilateral action of the party who prevailed below," the mootness of the appeal prevents Iowa from seeking review of the district court's ruling. *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994). Therefore, this court dismisses Iowa's appeal, vacates the district court's order granting the United States' motion for a preliminary injunction, and remands to the district court with instructions to dismiss Case No. 4:24-cv-00162. *Hendrickson*, 774 F.2d at 1355. *Cf. Chapman v. Doe by Rothert*, 598 U.S. \_\_\_ (2023) (applying *United States v. Munsingwear* when a case was voluntarily dismissed according to Fed. R. Civ. P. 41(a)(1)(A)(ii)).

_____